[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16980
Non-Argument Calendar

_____

D. C. Docket No. 99-00620-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER GARZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 24, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Javier Garza appeals his conviction for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Garza was indicted by a federal grand jury on August 24, 1999. After his voluntary surrender on April 11, 2005, he filed a motion to dismiss the indictment pursuant to Fed. R. Crim. P. 48(b) alleging a violation of his Sixth Amendment right to a speedy trial. After an evidentiary hearing, a magistrate judge recommended denying Garza's motion to dismiss the indictment on the grounds that Garza had failed to show prejudice stemming from the delay in the prosecution of his case. The district court adopted the magistrate judge's recommendation and denied Garza's motion to dismiss the indictment. After a bench trial was held on August 10, 2005, Garza was found guilty on the single count indictment.

On appeal, Garza argues that the more than five-and-one-half-year delay from the date of his indictment to the date of his trial constituted a violation of his speedy trial rights. In analyzing the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972), Garza first asserts that the length of time between the indictment and his voluntary surrender is clearly sufficient to trigger further review of his claim. Second, Garza maintains that the reason for the delay was attributable to the government, as it failed to utilize reasonable efforts to locate him in a timely fashion. To bolster this point, Garza emphasizes the fact that after ATF agent Howard Greene's initial physical surveillances of his father's residence,

the ATF agents failed to make any further surveillances or visits to that residence for over five years. Third, Garza maintains that he was not aware that he had been indicted until April 2005, and he made arrangements to surrender himself to the appropriate authorities within hours after the U.S. Marshal visited his father inquiring about his whereabouts. Lastly, Garza argues that his case is analogous to both *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686 (1992), and *United States v. Ingram*, 446 F.3d 1332 (11th Cir. 2006). Specifically, he asserts that he should not be required to show prejudice because the first three factors in *Barker* weigh heavily against the government.

The government concedes that in light of *Ingram*, which was not available when the district court ruled, Garza's case should be remanded to the district court with instructions to dismiss the indictment. The government asserts that the rationale of *Ingram* controls and requires a like result. Further, the government acknowledges that Garza's case is stronger than Ingram's, as none of Garza's conduct during the five-and-one-half-year post-indictment period is indicative of an intent to evade prosecution. The government also acknowledges that Garza is not required to show actual prejudice because each of the first three factors of the *Barker* analysis weighs heavily against the government. Therefore, the government concedes that the district court erred by denying Garza's motion to

3

dismiss the indictment based on his failure to show actual prejudice.

Accordingly, because the facts and circumstances of *Ingram* are controlling in this case, and based on the government's confession of error, we vacate the judgment of conviction and remand this case to the district court with instructions to dismiss the indictment.

**VACATED AND REMANDED.**